**FILED**

**DEC 1 1 2006**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LISA HARRIS, | ) | CIV. 05-5064-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING |
| BROADSPIRE SERVICES, INC., | ) | DEFENDANTS' MOTION FOR |
| and UNITED PARCEL SERVICE, | ) | SUMMARY JUDGMENT |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff commenced this action alleging that she was entitled to short-term and long-term disability benefits through a plan administered by Broadspire Services, Inc., (Broadspire) pursuant to her contract with United Parcel Service, Inc., (UPS).

## BACKGROUND

Plaintiff was employed by UPS as a package car driver. Defendants' Statement of Material Facts (DSMF), 1. She began her employment with UPS on September 5, 1995. DSMF, 1. When enrolling in the company insurance plan, plaintiff sought coverage only for short-term disability and not for long-term disability. DSMF, 65-70. On March 18, 2004, plaintiff "ceased active work duty" with UPS. DSMF 2. On that day, plaintiff sought treatment from Dr. Lecy for lower back pain. DSMF, 4. Dr. Lecy diagnosed plaintiff with lumbar sprain, muscle spasms, sciatica, and degeneration of the lumbar. DSMF, 5. In April of 2004, plaintiff sought treatment with Dr. Schleusener. DSMF, 11. Dr. Schleusener ordered an MRI which revealed mild disc bulge and a possible annular tear. DSMF, 12. On May 11, 2004, Dr. Schleusener was of the opinion that plaintiff could return to work. DSMF,

17. Plaintiff received short-term disability benefits for the period of March 18, 2004, through May 17, 2004. DSMF, 21.

Plaintiff attempted to return to work from May 17, 2004, to June 8, 2004, but has not returned to her employment with UPS since. DSMF, 2. Plaintiff reported having severe back pain and it was determined that she should wait another month to see if there was improvement. DSMF, 24. Plaintiff again applied for benefits effective June 8, 2004. DSMF, 26. Her claim was referred to Broadspire, UPS' plan administrator. DSMF, 27. Broadspire requested a peer review, which was completed by Dr. Ennis. DSMF, 29. Dr. Ennis concluded, after reviewing the record, that there were no positive findings during examination and minimal findings by the MRI which would support plaintiff's claim of disability. DSMF, 28-32. As a result, Broadspire denied plaintiff's application for short-term disability benefits on August 20, 2004. DSMF, 33.

On October 29, 2004, plaintiff appealed Broadspire's denial. DSMF, 36. As part of her appeal, plaintiff submitted additional medical records. DSMF, 37. Broadspire requested another peer review, which was performed by Dr. Mendelssohn. DSMF, 43. Dr. Mendelssohn was of the same opinion as Dr. Ennis - that the objective findings did not support plaintiff's claim of disability. DSMF, 43. Broadspire again denied benefits. DSMF, 44.

Plaintiff filed a second appeal and submitted a functional capacity evaluation (FCE). DSMF 46-47. This time Broadspire sought two peer reviews, one with physical medicine/rehabilitation and one from neurology. DSMF, 50-51. Both of these peer reviews concluded that the objective evidence did not support plaintiff's subjective complaints and

2

questioned the validity of the FCE. DSMF, 52-56. Broadspire then sent the file, including the peer reviews, to the UPS Claims Review Committee. DSMF, 57. UPS reviewed the record and determined that benefits should not be granted. DSMF, 64. Plaintiff then filed this action seeking judicial review of the denial of benefits under ERISA.

## STANDARD OF REVIEW

Before proceeding to the merits of the case, the Court must first determine which standard of review is applicable. The Eighth Circuit has held that "[w]here a benefit plan gives the administrator 'discretionary authority to determine eligibility for benefits,' the standard of review is abuse of discretion." Phillips-Foster v. UNUM Life Ins. Co., 302 F.3d 785, 794 (8th Cir. 2002) (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989)). However, "[a] plan administrator's decision will be afforded less deference if a claimant presents 'material, probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to her.' A plaintiff must also 'show that the conflict or procedural irregularity has 'some connection to the substantive decision reached.'" Phillips-Foster, 302 F.3d at 795 (quoting Woo v. Deluxe Corp., 144 F.3d 1157, 1160-61 (8th Cir. 1998) (citations omitted)).

The parties agree that the plan gives the plan administrator discretion in determining eligibility for benefits, thus requiring the Court to review the determination for abuse of discretion. Plaintiff, however, alleges that a conflict of interest exists in that UPS referred the plan to Broadspire and then reviewed the decision itself. Plaintiff further alleges that UPS breached the duty owed to her by "providing baseless contradictions" to Dr. Rice's findings

and by "ignoring their own doctor['s] . . . recommendations to perform updated MRIs and EMG testing. . . ."

Dr. Wancier performed a peer review on behalf of Broadspire. AR 115. Dr. Wancier reviewed all the records that had been submitted and concluded that there were no objective findings supporting the plaintiff's claim of disability. AR 117. Dr. Wancier discredited the Functional Capacity Evaluation (FCE) because it was based upon plaintiff's subjective complaints of pain which placed the validity of the results in question. AR 117. Dr. Wancier did state that he thought a further MRI and EMG testing could be helpful, but in no way was it required or a part of normal procedure. AR 117.

On May 13, 2004, Dr. Schleusener noted that plaintiff had no leg pain, that her pain had improved due to physical therapy and that there were only two months when plaintiff could not work. AR 17. In June of 2004, plaintiff returned with back pain. AR 19. Dr. Schleusener noted, however, that her motor exam was strong and that she had no leg pain. AR 19. In July of 2004, plaintiff reported that she was still in pain and decided to seek a second opinion. AR 20. Plaintiff then saw Dr. Rice. AR 57. The testing performed under his guidance revealed normal results. AR 57. He recommended a "conservative" approach (rest), believing that "the problem should heal itself." AR 57. In September, Dr. Rice noted that her pain was improving. AR 59. Dr. Rice also noted that plaintiff's insurance claim had been denied for lack of objective findings. AR 59. Despite this, Dr. Rice found it medically unnecessary to order any additional testing which would confirm his diagnosis. AR 59. An MRI performed in April of 2004 showed a possible annular tear. AR 64. However, no further testing was done to confirm this. Furthermore, none of her physicians prescribed

4

medication to manage her pain. As a result, the Court finds that neither UPS nor Broadspire breached their duty to plaintiff. Hence, the Court shall review the determination of the plan administrators for abuse of discretion.

## DISCUSSION

Plaintiff alleged that she was unable to continue working due to an annular tear and bulging discs which resulted in back pain. AR 1. Plaintiff was seen on a regular basis by Drs. Schleusener, Lecy, and Rice. AR 17-60. Though testing revealed a possible annular tear and mildly degenerative bulging discs, none of her physicians ordered further testing to confirm their diagnosis. AR 64. As stated previously, Dr. Rice believed the problem would heal on its own. AR 57. Plaintiff was not prescribed medication to manage her pain and she had no restricted range of motion. AR 113, 121. Furthermore, a functional capacity evaluation (FCE) was performed. AR 89. It was noted on at least two of three tests that plaintiff was not putting forth her full effort. AR 94. The FCE revealed that, based upon plaintiff's subjective complaints and her performance on certain tests, that she could work full-time in the light work category. AR 99. Based upon the documents submitted, the Court finds that the decision of the plan administrators was supported by substantial evidence. See Farfalla v. Mutual of Omaha Ins. Co., 324 F.3d 971, 974-75 (8th Cir. 2003). Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment (Docket #22) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (Docket #20) is denied.

IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's statement of material facts (Docket #30) is denied.

Dated this 11th day of December, 2006.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE